UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DISTRICT

CRYSTAL A. MAJORS,

    Plaintiff,

v.                                          CIVIL ACTION NO: _____

HCA, INC., DOING BUSINESS AS,
WEST FLORIDA MEDICAL GROUP.

    Defendant.
_____

## **COMPLAINT**

Plaintiff, CRYSTAL A. MAJORS, (hereinafter referred to as the "Plaintiff" and/or "Majors"), sues the Defendant, HCA, INC., doing business as, WEST FLORIDA MEDICAL GROUP, (hereinafter referred to as "Defendant" and/ or "West Florida"), by and through her undersigned attorneys, and alleges as follows:

### *INTRODUCTION*

1. This is an action for damages and other relief to redress the deprivation of rights secured to the Plaintiff by Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, the Family and Medical Leave Act (FMLA), 29 U.S. C.

§2601, *et seq.* a claim for hostile work environment, and for retaliation for reporting a hostile work environment.

## *JURISDICTION AND VENUE*

2. The jurisdiction of the Court over this controversy is invoked pursuant to the provisions of the Americans with Disabilities Act, 42 U.S.C. § 12117(a); the Americans with Disabilities Act Amendments of 2008, the Family and Medical Leave Act, 29 U.S. C. §2601, *et seq.*, Chapter 760, Florida Statutes.

3. Defendant is considered an employer within the terms and conditions of the FMLA. Defendant employs fifty (50) or more employees within 75 miles of the worksite of Plaintiff.

4. Plaintiff worked for Defendant from November 4th, 2014, until her involuntary termination on November 28, 2018. Plaintiff is considered an "eligible employee" for purposes of the FMLA as she has been employed:

(1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

5. Majors has completed all conditions precedent to the bringing of this action. Her discrimination complaint has been pending with the Equal Employment Opportunity Commission for over 180 days. She has the right to file this action pursuant to 29 C.F.R. 1614.407(b).

6. The unlawful employment practices alleged below were committed in

the State of Florida within the Northern District of Florida.

## *PARTIES*

7. Majors is a person entitled to the protection of the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments (ADAA), the Family and Medical Leave Act (FMLA), and the Florida Civil Rights Act, (FCHR). At all times material hereto, she was an employee within the meaning of the ADA, ADAA, FMLA, and the FCHR.

8. Defendant is Foreign Profit Corporation.  It is the owner of West Florida Medical Group that provides medical services throughout Northwest Florida. Defendant is authorized to conduct business in the State of Florida. The Defendant is an employer within the meaning of the ADA, ADAA, FMLA and the FCHR.

## *FACTS*

9. Majors was employed by the West Florida Medical Group ("the Practice") in March 2004, as a Medical Office Specialist. She was assigned to work at the Practice's Cardiologist's office, located in Pensacola, Florida.  Her non-clinical manager was Amber Halfacre.  She also worked for Carla Johnson, the Practice Administrator for the West Florida Medical Group.

10. Majors performed the duties of her position in and excellent manner.

11. Majors is a qualified individual with a disability.

3

(a) She has a physical /or mental impairment that substantially limits one or more major life activities: she suffers from systemic lupus erythematosus, major depression, anxiety, and gross hematuria.

(b) She has a record of such impairment; and,

(c) She was regarded by his employer as having an impairment. Majors' disability substantially affects the major life activities of thinking, concentrating and sleeping.

12. At all times material hereto, Majors had and continues to have the ability to perform the essential functions of her job as a Medical Office Specialist, with or without a reasonable accommodation.

13. Majors' supervisors were aware that she had qualifying disabilities.

14. The Defendant failed to engage Majors in an interactive discussion to determine what, if any, accommodation would be suitable for her.

15. The Defendant failed to accommodate Majors' disabilities.

16. Instead of accommodating Majors' disabilities, her supervisors created a hostile work environment; her supervisor's actions include, but are not limited to the following words and conduct:

a. On August 23, 2018, Majors was not allowed to get her stat report from radiology that her physician had ordered.

b. On September 14, 2018, Majors left work early. She asked if Theresa Salter, the front office coordinator if she needed to do anything before she left. Ms. Salter said, "Just clock out." She was almost home when she received a text from Jennifer Gilmore, clinical manager, to return to work to batch out, even though Ms. Salter said she would take care of it.

c. On September 25, 2018, Majors was called to Amber Halfacre's office. Also present was Carla Johnson. Ms. Halfacre began yelling at Majors and said that she heard that Majors was going to report her to corporate. Majors denied the accusation.

d. On October 8, 2018, Majors was again called to a meeting with Ms. Halfacre and Ms. Johnson. She was told that she could not continue this pattern. (FMLA absences). It was suggested that Majors consider going PRN. Majors explained her illness and told them it is not her fault that she is disabled and that she needed the income and insurance.

e. On October 11, 2018, Majors had an adverse reaction to a medication that turned her tongue green. Ms. Halfacre suggested that Majors go home and put ketchup on her tongue.

f. On October 17, 2018, Ms. Halfacre yelled across the room from her office for Majors to get to work. Majors was discussing an insurance question with a co-employee.

   g. On October 18, 2018, Majors had her first one-on-one with her supervisor, Carla Johnson.  She told Majors 3-4 times during the meeting that she did not believe Major's employment was going to work out. After asking Ms. Johnson why her co-workers treat her like she has a disease, she responded by asking Majors if she had thought about apologizing or thanking her co-workers for doing her work and picking up the slack when she is out of work on FMLA leave.

 17. On October 18, 2018, Majors was terminated by Carla Johnson and Amber Halfacre for not following the employer's attendance policy. At the time of her termination, Majors had not exhausted all of her FMLA leave.

*FIRST CAUSE OF ACTION*
*(Violation of the FMLA-Inference Claim)*

 18.  Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 17  of this complaint with the same force and effect as if set forth herein.

 19.  Defendant unlawfully interfered with Plaintiff's ability to avail herself of the protections afforded her under the Family and Medical Leave Act.

 20.   Defendant's acts were with malice and with reckless disregard for Plaintiff's federally protected rights.

 21.  Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless

and until this Court grants relief.

## SECOND CAUSE OF ACTION

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 21 of this complaint with the same force and effect as if set forth herein.

23. Defendant unlawfully retaliated against Majors for her use of the Family and Medical Leave Act. Defendant's acts were with malice and with reckless disregard for Plaintiff's federally protected rights.

24. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## THIRD CAUSE OF ACTION
*(Disability Discrimination-Federal Claim)*

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 24 of this Complaint with the same force and effect as if set forth herein.

26. The Defendant treated Majors less favorably than employees without disabilities.

27. The Defendant failed to engage Majors in an interactive discussion to determine what, if any, accommodation would be suitable for her.

28. The Defendant failed to accommodate Majors' disabilities.

29. Majors is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## FOURTH CAUSE OF ACTION
*(Hostile Work Environment Discrimination)*

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29 of this Complaint with the same force and effect as if set forth herein.

31. By the above acts, the Defendant created and allowed to exist a hostile work environment by harassing Plaintiff because of his disabilities in violation of the ADA and the ADAA.

32. Majors was treated less favorably than employees who were without disabilities.

33. Defendant's harassment was severe and pervasive and substantially interfered with Plaintiff's work duties.

34. Majors is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### FIFTH CAUSE OF ACTION
*(Retaliation under the ADA and ADAA)*

35. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34 of this Complaint with the same force and effect as if set forth herein.

36. By the above acts, the Defendant retaliated against the Plaintiff in violation of the ADA and the ADA Amendments.

37. Majors is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### SIXTH CAUSE OF ACTION
*(Violation of the Florida Civil Rights Act- Disability Discrimination)*

38. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 37 of this Complaint with the same force and effect as if set forth herein.

39. The Defendant treated Majors less favorably than employees without disabilities.

40. The Defendant failed to engage Majors in an interactive discussion to determine what, if any, accommodation would be suitable for her.

41. The Defendant failed to accommodate Majors' disabilities.

42. Majors is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## SEVENTH CAUSE OF ACTION
*(Retaliation pursuant to the Florida Civil Rights Act)*

43. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 42 of this Complaint with the same force and effect as if set forth herein.

44. By the above acts, the Defendant retaliated against the Plaintiff in violation of the Florida Civil Rights Act.

45. Majors is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

WHEREFORE, the Plaintiff, Crystal Majors, requests the Court to grant the following relief:

a. Back pay and benefits;

b. Reinstatement, or in lieu thereof, front pay;

c. Compensatory damages;

d. Liquidated damages;

e. Attorney fees and the costs of this action.

f. Such other and further relief as the Court deems just and proper.

*DEMAND FOR JURY TRIAL*

The Plaintiff demands a jury trial on all issues so triable.


Respectfully submitted,

*/s/  R. John Westberry*
R. John Westberry, Esq,
Florida Bar No.: 244661
Email: rjw@westconlaw.com
Clayton M. Connors, Esq.
 Florida Bar No.: 0095553
Email:  cmc@westconlaw.com
WESTBERRY & CONNORS, LLC.
4400 Bayou Blvd, Suite 32 A
Pensacola, FL 32504
Telephone: 850-473-0401
Facsimile: 850-473-1388

Attorneys for the Plaintiff
CRYSTAL A. MAJORS